```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **KEVIN MILLEN,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-2734-SHL-tmp |
| | ) |
| **LOUIS DEJOY and** | ) |
| **JAMES CLARK,** | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court are *pro se* plaintiff Kevin Millen's complaint, (ECF No. 1), Motion for Summary Judgment, (ECF No. 7), Motion to get Exoneration 20-0770, (ECF No. 8), Motion to Show Louis DeJoy Has No Immunity, (ECF No. 9), Motion to Deny Subject Matter Jurisdiction, (ECF No. 10), and Motion to Have Summary Judgment Granted, (ECF No. 12).[1] These filings relate to claims Millen asserts against his landlord, James Clark, and Postmaster General Louis DeJoy. (ECF No. 6.) Because Millen is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the below reasons, the court recommends

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2] The undersigned construes Millen's additional filings as amending his complaint and accordingly screens them under § 1915(e)(2).

Millen's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  PROPOSED FINDINGS OF FACT

On November 22, 2021, Millen filed a *pro se* complaint for violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Using a form provided by the Clerk's office to assist *pro se* litigants asserting civil rights claims, Millen wrote the below narrative in the space titled "Statement of Claim":

> With this case it involves a continued attempted theft. Is this happening to other people which would bring in the 14th amendment? I have a right to put tracking on my mail because I am unsure about the landlord. So the 5th amendment is why I do the proper mailing. This is occurring over and over again which would be cruel and unusual punishment the 8th Amendment does affect this case as well. Now the attachments will show the win.

(Id. at 2.) Millen then attached multiple documents. These documents mostly consist of letters from Millen to his "Property Mgr" James Clark describing different issues with his apartment, including a leak in the ceiling, rodent infestation, a blown fuse, and a dead smoke detector. (ECF No. 1-1 at 1-6.) Also attached are multiple receipts from the United States Postal Service, a copy of Millen's lease from March 2019 through March 2020, a letter to Postmaster General DeJoy complaining about a delayed package, letters to NBC News and the Senate Committee on Homeland Security and Governmental Affairs regarding a separate incident involving

police officers, and a letter from the Office of the Inspector General declining to investigate his claims. (Id. at 7-18.)

Millen's other filings do not add many facts. His filing styled Motion for Summary Judgment is largely a recitation of Federal Rule of Civil Procedure Rule 56. (ECF No. 7.) His Motion to Deny Subject Matter Jurisdiction summarily alleges a violation of 18 U.S.C. § 1701, which states that "whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both."[3] Millen's "Motion to get Exoneration 20-2770" asks the court to overturn its ruling in a prior case Millen filed. (ECF No. 8.) His "Motion to show Louis DeJoy has no Immunity" alleges violation of Tennessee Code Annotated 9-8-307(N), a statute that merely allows Negligent Deprivation claims against the state of Tennessee if a state statute creates a private right of action, but also alleges that "numerous mailing" has gone missing and that "the people of the post office are negligent with the handling of a packing with tracking." (ECF No. 9 at 1-2.) Overall, it appears that Millen has

---

[3] Millen's Motion to Deny Subject Matter Jurisdiction also references past cases Millen has filed in this court: Millen v. Christopher A. Wray, No. 2:20-cv-2770-SHL-tmp (W.D. Tenn. Jan. 21, 2021), and Millen v. Brewer's Body Shop, No. 2:21-cv-02480-SHL-tmp, (W.D. Tenn. Aug. 12, 2021). The court takes judicial notice of these cases, which were also brought as § 1983 claims and plead similarly to the present case.

issues with the conditions of his housing and has had multiple packages lost in the mail.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally

construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a § 1983 Claim**

Millen's complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)). "'[T]he federal government and its officials are not subject to suit under § 1983,' because federal agencies are governed by federal statutes, and 'federal officials typically act under color of federal law.'" Richman, 2018 WL 1792172, at *4 (quoting Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted) (emphasis in original)).

Millen has not sued anyone acting under color of state law. While he has stated that his rights under the Fifth, Eighth, and

Fourteenth Amendments have been violated, he has sued the Postmaster General, a federal official, and James Clark, his landlord and a private citizen. Neither acted under color of state law. Id. Regardless, Millen's complaint is completely deficient of factual allegations against either defendant that would be actionable under § 1983. As best construed, Millen alleges that certain packages sent through USPS have not been delivered as part of a conspiracy against him. He provides no facts to back up this theory. Accordingly, Millen has failed to state a viable claim under § 1983.

**C.   Lack of Private Cause of Action under 18 U.S.C. § 1701**

In his Motion to Deny Subject Matter Jurisdiction, Millen alleges a violation of 18 U.S.C. § 1701. This federal criminal statute allows for prosecution where one "knowingly and willfully obstructs or retards the passage of the mail" and allows for fines or imprisonment of up to six months. 18 U.S.C. § 1701. However, § 1701 does not create a private cause of action. It is a criminal statute that does not provide a basis for civil jurisdiction. Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 103 n.7 (2d Cir. 1981) ("[The district judge] correctly rejected the three criminal statutes, 18 U.S.C. §§ 1701-1703, as bases for jurisdiction.") Accordingly, the undersigned recommends that this claim be dismissed.

### III. RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). Further, the undersigned notes that Millen has a long history of filing frivolous lawsuits. Millen has previously been held in contempt by Shelby County General Sessions Court "for attempting to subpoena forty-three elected officials representing Shelby County." Millen v. Christopher A. Wray, No. 2:20-cv-2770-SHL-tmp, (ECF No. 11 at 2) (W.D. Tenn. Jan. 21, 2021). Millen was also barred from proceeding *in forma pauperis* before the United States Supreme Court for "repeatedly abus[ing] th[e] Court's process." Millen v. The Commercial Appeal, No. 2:08-cv-02732-JDT-egb, (ECF No. 14) (W.D. Tenn. Feb. 11, 2009). He was warned by this court in 2009 that "his ability to proceed *in forma pauperis*" may be revoked after he filed five cases "dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)." Millen v. Memphis Mental Health Institute, et al., No. 2:08-cv-02712-JDT-dkv, (ECF No. 8 at 12-13) (W.D. Tenn. Apr. 17, 2009). While Millen appeared to refrain from filing in this court for approximately a decade after this initial warning, he has now filed two cases (excluding the present) within the last year, both of which have been dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a § 1983 claim. See supra n.3. The undersigned thus recommends that Millen again be cautioned

that, if he continues to file meritless cases, the court may revoke his ability to proceed *in forma pauperis*.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 14, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**