**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN MILLEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02734-SHL-tmp |
| | ) | |
| LOUIS DEJOY and JAMES CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation

("Report"), (ECF No. 13), filed December 14, 2021, recommending that this Court dismiss

Plaintiff's Complaint.  (ECF No. 1).

A magistrate judge may submit to a judge of the court proposed findings of fact and

recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C.

§ 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition,

a party may serve and file specific written objections to the proposed findings and

recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district

court reviews de novo only those proposed findings of fact or conclusions of law to which a

party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(3).

Plaintiff objected to the Chief Magistrate Judge's Report on December 20, 2021.  (ECF

No. 14.)  There, he contends that the Report should not be adopted because the Court has not

received an Answer or other responsive pleading from Defendants.  (Id. at PageID 68, 74.)

Plaintiff also disagrees with the recommendation to caution him against filing meritless cases,

arguing instead that the Chief Magistrate Judge "abused the process" by issuing the Report

before receiving a responsive pleading from Defendants.  (Id. at PageID 72.)

In response to Plaintiff's objections, the Court finds that no Answer is procedurally

required before a court screens a complaint from a pro se plaintiff proceeding in forma pauperis.

(See 28 U.S.C. § 1915(e)(2) (". . .[T]he court shall dismiss the case at any time if the court

determines that—  . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is

immune from such relief.")  Thus, the Report was procedurally appropriate even though an

Answer has not been filed in this case.

Regarding the rest of the Report, Plaintiff does not explain how the Postmaster General, a

federal official, or James Clark, his landlord and a private citizen, acted "under color of state

law," as is required to state a claim under 42 U.S.C. § 1983.  (ECF No. 13 at PageID 62.)

Federal officials are generally "'not subject to suit under § 1983' because federal agencies are

governed by federal statues, and 'federal officials typically act under color of federal law."

Richman v. United States Gov't, No. 2:17-cv-2342-SHM-tmp, 2018 WL 1792172, at *4 (W.D.

Tenn. Apr. 16, 2018) (quoting Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429

(6th Cir. 2016) (internal citations omitted); see ECF No. 13 at PageID 61.  Thus, the Postmaster

General would not be subject to suit under § 1983.  Additionally, a private landlord is not

considered a government official, and there is no indication in Plaintiff's Complaint that either

Defendant engaged in behavior that would be actionable under this statute.  Finally, Plaintiff also

does not argue with the Chief Magistrate Judge's finding that Plaintiff's Motion to Deny Subject

Matter Jurisdiction lacks a basis for civil jurisdiction.  (ECF No. 13 at PageID 62.)

2

Because Plaintiff offers no specific objections to the Report, the Court reviews it using the clear error standard and finds none.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **DISMISSES** the Complaint with prejudice.  Additionally, the Court takes notice of the recommendation to caution Plaintiff against filing frivolous lawsuits.  While the Court issues no formal warning at this time, it is critical for a plaintiff to file actions with factual and legal merit that can be appropriately considered in court.  Otherwise, time and resources are needlessly expended.  Therefore, the Court urges Plaintiff to seek legal advice prior to filing his next complaint through means such as a pro bono legal clinic or lawyers who may represent a client pro bono.

**IT IS SO ORDERED,** this 28th day of December, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

3